UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTHA POLZIN,

    Plaintiff,

v.

                              Case No. 23-10134
                              Hon. Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**ORDER REGARDING REPORT AND RECOMMENDATION
ON CROSS MOTIONS FOR SUMMARY JUDGMENT
AND
REMANDING ACTION**

    This matter is before the Court on Magistrate Judge David R. Grand's Report and Recommendation. (ECF No. 15). To date, no Objections have been filed to the Report and Recommendation and the time to file such has passed.

    Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a de novo review.

The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. The Court agrees with the Magistrate Judge that the ALJ's finding that Plaintiff was not disabled is not supported by substantial evidence on the record. The Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law that the ALJ's Step Two finding that Plaintiff's mental impairments are non-severe is not supported by substantial evidence. The Court agrees with the Magistrate Judge that the evidence suggests Plaintiff's mental impairments were sufficient to satisfy the "*de minimis* hurdle" posed at Step Two of the analysis. The Court further agrees with the Magistrate Judge that remand is warranted so that the medical opinions and other evidence on the record regarding Plaintiff's mental impairments can be further evaluated.

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge David R. Grand **[ECF No. 15, 12/11/2023]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[ECF No. 12]** is **GRANTED IN PART and DENIED IN PART** as set forth in the Magistrate Judge's Report and Recommendation.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[ECF No. 14]** is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's findings are **REVERSED** and this matter is **REMANDED** to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for further proceedings.

**IT IS FURTHER ORDERED** that this action is designated as **CLOSED** on the Court's docket.

*s/Denise Page Hood*
DENISE PAGE HOOD
United States District Judge

DATED:   January 31, 2024